# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

Wisconsin Voter Alliance, Ron Heuer, and
Kenneth Brown,

        Plaintiffs,

v.

Don M. Millis, in his official capacity as a
member of the Wisconsin Elections
Commission, or his successor, Robert F.
Spindell, Jr., in his official capacity as a member
of the Wisconsin Elections Commission, or his
successor, Marge Bostelmann, in her official
capacity as a member of the Wisconsin
Elections Commission, or her successor,
Ann S. Jacobs, in her official capacity as a
member of the Wisconsin Elections
Commission, or her successor,
Mark L. Thomsen, in his official capacity as a
member of the Wisconsin Elections
Commission, or his successor,
Megan Wolfe, in her official capacity as
Administrator of the Wisconsin Elections
Commission, or her successor,

        Defendants.

Case No. 23-1416

**Complaint for Declaratory
and Injunctive Relief**

**Jury Trial Demanded**

---

The plaintiffs make the following allegations for their complaint.

### Jurisdiction and Venue

1. This action arises under the Constitution and laws of the United States.

2. This Court has jurisdiction pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.

3. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because at least one of the Defendants resides in the Eastern District of Wisconsin, and because a substantial part of the events or the omissions giving rise to the claims occurred in the Eastern District of Wisconsin where all the plaintiffs reside.

**Parties**

5. Plaintiff Wisconsin Voter Alliance is a Wisconsin non-profit corporation located in Kewaunee County at E3530 Townline Rd, Kewaunee, WI 54216. The Wisconsin Voter Alliance is a statewide organization with members who seek to ensure, as part of their association objectives, public confidence in the integrity of Wisconsin's elections, in election results and election systems, processes, procedures, and enforcement, and that public officials act in accordance with the law in exercising their obligations to the people of the State of Wisconsin. The Wisconsin Voter Alliance also works to protect the rights of its members whenever laws, statutes, rules, regulations, or government actions that threaten or impede implied or expressed rights or privileges afforded to them under our constitutions or laws or both. Its membership includes candidates seeking elective offices. The Wisconsin Voter Alliance has many members including the individual plaintiffs.

6. Plaintiff Ron Heuer resides in Kewaunee County. Heuer is President of Wisconsin Voter Alliance.

7. Plaintiff Kenneth Brown resides in Racine County. Brown is a member of Wisconsin Voter Alliance.

8. The plaintiffs, collectively, are referred to as Wisconsin Voter Alliance.

9. The defendants or their successors are sued in their official capacity only, not individually, and for prospective declaratory and injunctive relief only, not damages.

10. Defendant Don M. Millis or his successor, is a member of the Wisconsin Elections Commission.

11. Defendant Robert F. Spindell, Jr., or his successor, is a member of the Wisconsin Elections Commission.

12. Defendant Marge Bostelmann, or her successor, is a member of the Wisconsin Elections Commission.

13. Defendant Ann S. Jacobs, or her successor, is a member of the Wisconsin Elections Commission.

14. Defendant Mark L. Thomsen, or his successor, is a member of the Wisconsin Elections Commission.

15. Defendant Megan Wolfe, or her successor, is the Administrator of the Wisconsin Elections Commission.

16. The Defendants are collectively referred to as Wisconsin Elections Commission (WEC).

### Factual Background

17. On September 8, 2022, plaintiffs Wisconsin Voter Alliance and Ron Heuer filed a HAVA administrative complaint with ERIC under Wisconsin Statutes § 5.061, which pertains to HAVA administrative complaints. **Exhibit A.**

18. In the 2022 administrative complaint, those plaintiffs alleged that WEC violated HAVA. ***Id.***

19. On October 19, 2022, WEC filed a closure letter refusing to hold hearings, adjudicate and provide remedies relating to the plaintiffs' HAVA administrative complaint because the HAVA administrative complaint was against WEC. **Exhibit B.**

20. On October 2, 2023, the plaintiffs filed a HAVA administrative complaint with ERIC under Wisconsin Statutes § 5.061 which pertains to HAVA administrative complaints. **Exhibit C.**

3

21. In the administrative complaint, the plaintiffs alleged that WEC violated HAVA. ***Id.***

22. On October 4, 2023, WEC filed a closure letter refusing to hold hearings, adjudicate and provide remedies relating to the plaintiffs' 2023 HAVA administrative complaint because the HAVA administrative complaint was against WEC. **Exhibit D.**

### Count I

### Federal Civil Rights Claim

23. The foregoing paragraphs are incorporated herein by reference.

24. 52 U.S.C. § 21112 requires states to establish State-based administrative complaint procedures to remedy citizen grievances regarding violations of the Help America Vote Act.

25. 52 U.S.C. § 21112 is accurately quoted as follows:

(a) Establishment of State-based administrative complaint procedures to remedy grievances

(1) Establishment of procedures as condition of receiving funds
If a State receives any payment under a program under this chapter, the State shall be required to establish and maintain State-based administrative complaint procedures which meet the requirements of paragraph (2).

(2) Requirements for procedures
The requirements of this paragraph are as follows:
(A) The procedures shall be uniform and nondiscriminatory.
(B) Under the procedures, any person who believes that there is a violation of any provision of subchapter III (including a violation which has occurred, is occurring, or is about to occur) may file a complaint.
(C) Any complaint filed under the procedures shall be in writing and notarized, and signed and sworn by the person filing the complaint.
(D) The State may consolidate complaints filed under subparagraph (B).
(E) At the request of the complainant, there shall be a hearing on the record.
(F) If, under the procedures, the State determines that there is a violation of any provision of subchapter III, the State shall provide the appropriate remedy.
(G) If, under the procedures, the State determines that there is no violation, the State shall dismiss the complaint and publish the results of the procedures.
(H) The State shall make a final determination with respect to a complaint prior to the expiration of the 90-day period which begins on the date the complaint is filed, unless the complainant consents to a longer period for making such a determination.
(I) If the State fails to meet the deadline applicable under subparagraph (H), the complaint shall be resolved within 60 days under alternative dispute resolution procedures established for purposes of this section. The record and other materials from any proceedings conducted under the complaint procedures established under this

4

section shall be made available for use under the alternative dispute resolution procedures.

26.     Under 52 U.S.C. § 21112, the plaintiffs have a right to file a HAVA administrative complaint against WEC:

> (B) Under the procedures, any person who believes that there is a violation of any provision of subchapter III (including a violation which has occurred, is occurring, or is about to occur) may file a complaint.

*Id.*

27.     Under 52 U.S.C. § 21112, the plaintiffs have a right to have a hearing on the record regarding their written HAVA administrative complaint:

> (E) At the request of the complainant, there shall be a hearing on the record.

*Id.*

28.     Under 52 U.S.C. § 21112, the plaintiffs have a right to an appropriate remedy if HAVA has been violated:

> (F) If, under the procedures, the State determines that there is a violation of any provision of subchapter III, the State shall provide the appropriate remedy.

*Id.*

29.     52 U.S.C. § 21112, for a hearing on the record, adjudication and remedy, requires that an administrative law judge, independent from the state election officials and the state agency responsible for federal elections be assigned to adjudicate any HAVA complaints against the state election officials or the state agency responsible for federal elections.

30.     States, like Pennsylvania and Minnesota, do assign independent administrative law judges to hold hearings, adjudicate and provide remedies for their respective HAVA administrative complaints, but Wisconsin does not.

31.     Wisconsin Statutes § 5.061 apparently provides for a HAVA administrative complaint process for WEC following the language of 52 U.S.C. § 21112.

5

32. Wisconsin Statutes § 5.061 is accurately quoted as follows:

5.061 Compliance with federal Help America Vote Act.
(1) Whenever any person believes that a violation of Title III of P.L. 107-252 has occurred, is occurring, or is proposed to occur with respect to an election for national office in this state, that person may file a written, verified complaint with the commission.
(2) If the commission receives more than one complaint under sub. (1) relating to the same subject matter, the commission may consolidate the complaints for purposes of this section.
(3) A complainant under sub. (1) or any of the complainants in a consolidated complaint under sub. (2) may request a hearing and the matter shall then be treated as a contested case under ch. 227, except that the commission shall make a final determination with respect to the merits of the complaint and issue a decision within 89 days of the time that the complaint or the earliest of any complaints was filed, unless the complainant, or each of any complainants whose complaints are consolidated, consents to a specified longer period.
(4) If the commission finds the complaint to be without merit, it shall issue a decision dismissing the complaint. If the commission finds that the violation alleged in the complaint has occurred, is occurring, or is proposed to occur, the commission shall order appropriate relief, except that the commission shall not issue any order under this subsection affecting the right of any person to hold an elective office or affecting the canvass of an election on or after the date of that election.

33. Under Wisconsin Statutes § 5.061, the plaintiffs have a right to file a HAVA administrative complaint against WEC:

(1) Whenever any person believes that a violation of Title III of P.L. 107-252 has occurred, is occurring, or is proposed to occur with respect to an election for national office in this state, that person may file a written, verified complaint with the commission.

*Id.*

34. Under Wisconsin Statutes § 5.061, the plaintiffs have a right to have a hearing on the record regarding their written HAVA administrative complaint

(3) A complainant under sub. (1) … (2) may request a hearing

35. Under Wisconsin Statutes § 5.061, the plaintiffs have a right to an appropriate remedy if HAVA has been violated:

If the commission finds that the violation alleged in the complaint has occurred, is occurring, or is proposed to occur, the commission shall order appropriate relief,

6

except that the commission shall not issue any order under this subsection affecting the right of any person to hold an elective office or affecting the canvass of an election on or after the date of that election.

36. On September 8, 2022, under Wisconsin Statutes § 5.061, the plaintiffs filed a HAVA administrative complaint—alleging the WEC violates HAVA's requirements to maintain its statewide voter registration database through the state's participation in the Electronic Registration Information Center (ERIC)—under Wisconsin Statutes § 5.061, which pertains to HAVA administrative complaints. **Exhibit A.**

37. In the 2022 administrative complaint, the complainants alleged that respondent WEC violated HAVA. ***Id.***

38. On October 19, 2022, WEC filed a closure letter refusing to hold a hearing, adjudicate and provide remedies related to the plaintiffs' HAVA administrative complaint because the HAVA administrative complaint was against WEC. **Exhibit B.**

39. By refusing to hold a hearing, adjudicate and provide remedies related to the plaintiffs' 2023 HAVA administrative complaint, WEC on October 19, 2022, violated plaintiffs' federal rights under 52 U.S.C. § 21112, including the right to an administrative complaint process, a right to a hearing on the record and to an appropriate remedy if warranted.

40. On October 2, 2023, under Wisconsin Statutes § 5.061, the plaintiffs filed a HAVA administrative complaint—alleging the WEC violates HAVA by issuing unlawful guidance that allows overseas absentee votes to be received through the Uniformed and Overseas Citizens Absentee Voting Act (UOCAVA) without HAVA-required voter identity and eligibility verification—under Wisconsin Statutes § 5.061, which pertains to HAVA administrative complaints. **Exhibit C.**

41. In the 2023 administrative complaint, the plaintiffs alleged that WEC violated HAVA. ***Id.***

42. On October 4, 2023, WEC filed a closure letter refusing to hold a hearing, adjudicate and provide remedies relating to the plaintiffs' 2023 HAVA administrative complaint because the HAVA administrative complaint was against WEC. **Exhibit D.**

43. By refusing to hold a hearing, adjudicate and provide remedies relating to the plaintiffs' 2023 HAVA administrative complaint, WEC on October 4, 2023, violated plaintiffs' federal rights under 52 U.S.C. § 21112, including the right to an administrative complaint process, a right to a hearing on the record and to an appropriate remedy if warranted.

44. WEC has a practice, policy, or custom of refusing to hold a hearing, adjudicate and provide remedies relating to HAVA administrative complaints against WEC, violating plaintiffs' federal rights under 52 U.S.C. § 21112.

45. Plaintiffs are harmed because they cannot exercise their federal rights under 52 U.S.C. § 21112.

46. Plaintiffs are further harmed by the lack of federally-required administrative process completed within 90 days because WEC's failure to provide an administrative process for HAVA administrative complaints against state election officials for violations of HAVA.

47. For plaintiffs, seeking judicial relief is prohibitively expensive, incurring additional personal expenses and time expenditure in order to have their state administrative complaint possibly heard and adjudicated in court.

48. For a plaintiff pursuing judicial remedies instead of a HAVA administrative complaint, governmental defenses like standing and lack of private cause of action will or may be cause for dismissal which could not be asserted against a HAVA administrative complaint.

49. The above-described violations of plaintiffs' federal rights by WEC cause injury to plaintiffs.

50. The plaintiffs seek prospective declaratory and injunctive relief against defendants.

8

# COUNT II

## Wisconsin Statutes § 5.061 is legally insufficient and violates plaintiffs' federal rights.

51. The foregoing paragraphs are incorporated herein by reference.

52. 52 U.S.C. § 21112 requires states to establish State-based administrative complaint procedures to remedy citizen grievances regarding violations of the Help America Vote Act.

53. Under 52 U.S.C. § 21112, the plaintiffs have a right to file a HAVA administrative complaint against WEC:

> (B) Under the procedures, any person who believes that there is a violation of any provision of subchapter III (including a violation which has occurred, is occurring, or is about to occur) may file a complaint.

*Id.*

54. Under 52 U.S.C. § 21112, the plaintiffs have a right to have a hearing on the record regarding their written HAVA administrative complaint:

> (E) At the request of the complainant, there shall be a hearing on the record.

*Id.*

55. Under 52 U.S.C. § 21112, the plaintiffs have a right to an appropriate remedy if HAVA has been violated:

> (F) If, under the procedures, the State determines that there is a violation of any provision of subchapter III, the State shall provide the appropriate remedy.

*Id.*

56. 52 U.S.C. § 21112, for hearing on the record, adjudication and remedy, requires that an administrative law judge, independent from the state election officials and the state agency responsible for federal elections be assigned to adjudicate any HAVA complaints against the state election officials or the state agency responsible for federal elections.

57. States, like Pennsylvania and Minnesota, do assign independent administrative law judges for their HAVA administrative complaints, but Wisconsin does not.

9

58. Under Wisconsin Statutes § 5.061, WEC refuses to hear, adjudicate and provide remedies when a HAVA administrative complaint is filed against state election officials.

59. Under those circumstances, unlike in Pennsylvania and Minnesota, there is no provision under Wisconsin Statutes § 5.061 for an independent administrative law judge to be appointed to hear, adjudicate and provide remedies against the state election officials.

60. Wisconsin Statutes § 5.061 violates plaintiffs' federal rights under 52 U.S.C. § 21112 by not statutorily requiring an independent administrative law judge to hear, adjudicate and provide remedies regarding HAVA administrative complaints against state election officials (including WEC), such as plaintiffs' 2022 and 2023 HAVA administrative complaints.

61. Wisconsin Statutes § 5.061 authorizes WEC to refuse to hear, adjudicate and provide remedies related to HAVA administrative complaints against state election officials, violating plaintiffs' federal rights under 52 U.S.C. § 21112.

62. Plaintiffs are harmed because they cannot exercise their federal rights under 52 U.S.C. § 21112.

63. Plaintiffs are further harmed by the lack of federally-required administrative process completed within 90 days because Wisconsin Statutes § 5.061's failure to provide an administrative process for HAVA administrative complaints against state election officials for violations of HAVA.

64. For plaintiffs, seeking judicial relief is prohibitively expensive, incurring additional personal expenses and time expenditure in order to have their state administrative complaint possibly heard and adjudicated in court.

65. For a plaintiff pursuing judicial remedies instead of a HAVA administrative complaint, governmental defenses like standing and lack of private cause of action will or may be cause for dismissal which could not be asserted against a HAVA administrative complaint.

10

66. The above-described violations of plaintiffs' federal rights by Wisconsin Statutes § 5.061 cause injury to plaintiffs.

67. The plaintiffs seek prospective declaratory and injunctive relief against defendants.

**Count III**

**2022 HAVA administrative complaint against WEC**

68. The foregoing paragraphs are incorporated herein by reference.

69. The attached 2022 HAVA administrative complaint against WEC is incorporated herein by reference. **Exhibit A.**

70. A result of WEC's practice, policy, or custom is that there is no administrative complaint process in Wisconsin for HAVA complaints against WEC.

71. A result of WEC's practice, policy, or custom is that there is no appealable decision by WEC regarding plaintiffs' administrative HAVA complaint against WEC because the complaint was returned "without consideration or dismissal."

72. HAVA provides that an administrative process should be heard and adjudicated within 90 days of receipt of the complaint.

73. More than 90 days have passed since Plaintiff's 2022 HAVA complaint to WEC about WEC, and it is likely more time will pass before Court may grant the relief requested in Counts I and II, time in which plaintiffs' HAVA complaints were not heard or adjudicated, which continues to harm plaintiffs because they have not received their federal due process.

74. The 2022 HAVA Complaint against WEC is one of the causes of this present lawsuit.

75. The 2022 HAVA complaint against WEC alleges WEC has violated the federal law HAVA.

76. This Court should assert supplemental jurisdiction, hear and adjudicate the attached 2022 HAVA administrative complaint against WEC because the State of Wisconsin and WEC will not do so as required by federal law.

77. The plaintiffs contend, at the very least, that any statute of limitations be tolled on their 2022 HAVA administrative complaint against WEC while this federal lawsuit is pending.

**Count IV**

**2023 HAVA administrative complaint against WEC**

78. The foregoing paragraphs are incorporated herein by reference.

79. The attached 2023 HAVA administrative complaint against WEC is incorporated herein by reference. **Exhibit C.**

80. HAVA provides that an administrative process should be heard and adjudicated within 90 days of receipt of the complaint.

81. More than 90 days are likely to have passed by the time this Court may grant the relief requested in Counts I and II, time in which plaintiffs' HAVA complaints were not heard or adjudicated which continues to harm plaintiffs because they have not received their federal due process.

82. The 2023 HAVA Complaint against WEC is one of the causes of this present lawsuit.

83. The 2023 HAVA complaint against WEC alleges WEC has violated the federal law HAVA.

84. This Court should assert supplemental jurisdiction, hear and adjudicate the attached 2023 HAVA administrative complaint against WEC because the State of Wisconsin and WEC will not do so as required by federal law.

85. The plaintiffs contend, at the very least, that any statute of limitations be tolled on their 2023 HAVA administrative complaint against WEC while this federal lawsuit is pending.

## Demand for Jury Trial

86. Plaintiffs demand a jury trial.

## Prayer for Relief

Therefore, the Plaintiffs respectfully ask that this Court to:

1. Grant declaratory relief that plaintiffs' federal rights under 52 U.S.C. § 21112 have been violated by Wisconsin Elections Commission;

2. Grant declaratory relief that Wisconsin Statutes § 5.061 violates plaintiffs' federal rights under 52 U.S.C. § 21112;

3. Issue an injunction enjoining Wisconsin Elections Commission from further violations of plaintiffs' rights under 52 U.S.C. § 21112.

4. Award the Plaintiffs all attorney's fees, costs, expenses, and expert witness fees allowed by 42 U.S.C. § 1983 and other laws; and

5. Award the Plaintiffs such other and further relief as this Court deems just.


Dated: October 25, 2023

*Electronically Signed by Erick G. Kaardal*
Erick G. Kaardal, No. 1035141
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
Telephone: 612-341-1074
Facsimile: 612-341-1076
Email: kaardal@mklaw.com
*Attorneys for Plaintiffs*