# United States District Court
# Eastern District of Wisconsin (Green Bay)
# CIVIL DOCKET FOR CASE #: 1:23−cv−01416−WCG

| | |
|---|---|
| Wisconsin Voter Alliance et al v. Millis et al | Date Filed: 10/25/2023 |
| Assigned to: Judge William C Griesbach | Date Terminated: 01/31/2025 |
| Cause: 42:1983 Civil Rights Act | Jury Demand: Plaintiff |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Wisconsin Voter Alliance**     represented by     **Erick G Kaardal**
Mohrman Kaardal & Erickson PA
150 S 5th St − Ste 3100
Minneapolis, MN 55402
612−465−0927
Fax: 612−341−1076
Email: kaardal@mklaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Ron Heuer**     represented by     **Erick G Kaardal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kenneth Brown**     represented by     **Erick G Kaardal**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Don M Millis**
*in his official capacity as a member of the Wisconsin Elections Commission or his successor*
    represented by     **Clayton P Kawski**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−8549
Fax: 608−294−2907
Email: kawskicp@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
Wisconsin Department of Justice

Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−3094
Fax: 608−267−8906
Email: schmelzerjj@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Steven C Kilpatrick**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−1792
Fax: 608−294−2907
Email: kilpatricksc@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert F Spindell, Jr**
*in his official capacity as a member of the Wisconsin Elections Commission or his successor*

represented by **Clayton P Kawski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven C Kilpatrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Commissioner Marge Bostelmann**
*in her official capacity as a member of the Wisconsin Elections Commission or her successor*

represented by **Clayton P Kawski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven C Kilpatrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ann S Jacobs**
*in her official capacity as a member of the Wisconsin Elections Commission or her successor*

represented by **Clayton P Kawski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark L Thomsen**
*in his official capacity as a member of the Wisconsin Elections Commission or his successor*

represented by **Clayton P Kawski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven C Kilpatrick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Megan Wolfe**
*in her official capacity as Administrator of the Wisconsin Elections Commission or her successor*

represented by **Clayton P Kawski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven C Kilpatrick**
(See above for address)
*ATTORNEY TO BE NOTICED*
| Date Filed | # | Docket Text |
|---|---|---|
| 02/20/2025 | 46 | Attorney Cover Letter re: 45 Notice of Appeal. (jmk) |
| 02/19/2025 | 45 | NOTICE OF APPEAL as to 43 Order, Terminate Motions, 44 Judgment by Wisconsin Voter Alliance, Ron Heuer, Kenneth Brown. Filing Fee PAID $605, receipt number AWIEDC–4887287 (cc: all counsel) (Kaardal, Erick) |
| 01/31/2025 | 44 | JUDGMENT entered by the Clerk and approved by Judge William C Griesbach on 01/31/2025. (cc: all counsel)(Griesbach, William) |
| 01/31/2025 | 43 | DECISION AND ORDER DENYING 31 Plaintiffs' Motion for Summary Judgment, signed by Judge William C Griesbach on 01/31/2025. The Clerk is directed to enter Judgment. (cc: all counsel)(Griesbach, William) |
| 10/07/2024 | 42 | DECLARATION of James Witecha (Attachments: # 1 Information Sheet Ex. A – Letter from Witecha to Heuer and UW Parkside, # 2 Information Sheet Ex. B – Letter from Axelrod to Kaardal)(Kawski, Clayton) |

| | | |
|---|---|---|
| 10/07/2024 | 41 | RESPONSE filed by All Defendants re 35 Statement *of Material Facts* (Kawski, Clayton) |
| 10/07/2024 | 40 | BRIEF in Opposition filed by All Defendants re 31 MOTION for Summary Judgment . (Kawski, Clayton) |
| 09/26/2024 | 39 | TEXT ONLY ORDER APPROVING 38 Stipulation to extend to October 7, 2024 Defendants' time to file a response to 31 Plaintiffs' Motion for Summary Judgment, signed by Judge William C Griesbach on 09/26/2024. (cc: all counsel)(Griesbach, William) |
| 09/24/2024 | 38 | STIPULATION *Regarding Defendants' Response to Plaintiff's Summary Judgment Motion* by All Defendants. (Kawski, Clayton) |
| 09/19/2024 | | NOTICE: The Telephone Status Conference set for 9/19/2024 at 2:30 PM before Judge William C Griesbach did not go forward due to technical difficulties. (cc: all counsel) (kwf) |
| 09/12/2024 | | NOTICE of Hearing: Telephone Status Conference set for 9/19/2024 at 02:30 PM by Telephone before Judge William C Griesbach. The parties shall call the court Zoom conference line at **669–254–5252**, use **Meeting ID: 161 5758 9308**, press # to bypass Participant ID,and enter **Passcode: 519855** to join the call. To ensure a clear record of the hearing, participants should not use a speaker phone. Participants shall call in prior to the time that the hearing is scheduled to begin so that there is no disruption to the court proceeding. If you have any questions, please contact the Clerks Office at 920–884–3720. (cc: all counsel) (jmk) Modified on 9/12/2024 to correct hearing date (mav). |
| 09/12/2024 | 37 | TEXT ONLY ORDER signed by Judge William C Griesbach on 09/12/2024. Based on the parties joint Rule 26(f) report (Dkt. No. 36), the Scheduling Conference set for 9/19/2024 at 2:30 p.m. is converted to a telephone status conference to address the pending motions before the court. (cc: all counsel)(Griesbach, William) |
| 09/11/2024 | 36 | *Joint* REPORT of Rule 26(f) Plan by All Plaintiffs. (Kaardal, Erick) |
| 09/11/2024 | | NOTICE of RESCHEDULED Hearing: Rule 16 Telephone Scheduling Conference is RESCHEDULED to 9/19/2024 at 02:30 PM before Judge William C Griesbach. The parties shall call the court Zoom conference line at **669–254–5252**, use **Meeting ID: 161 5758 9308**, press # to bypass Participant ID,and enter **Passcode: 519855** to join the call. To ensure a clear record of the hearing, participants should not use a speaker phone. Participants shall call in prior to the time that the hearing is scheduled to begin so that there is no disruption to the court proceeding. If you have any questions, please contact the Clerks Office at 920–884–3720. (cc: all counsel)(mav) |
| 08/29/2024 | 35 | STATEMENT by All Plaintiffs *OF MATERIAL FACTS*. (Kaardal, Erick) |
| 08/29/2024 | 34 | DECLARATION of Ron Heuer (Attachments: # 1 Exhibit 1 – Amended Complaint for Declaratory and Injunctive Relief, # 2 Exhibit 2 – WI Division of Appeals Order, # 3 Exhibit 3 – Letters, # 4 Exhibit 4 – List of WVA Activities)(Kaardal, Erick) |
| 08/29/2024 | 33 | DECLARATION of Kenneth Brown (Kaardal, Erick) |
| 08/29/2024 | 32 | BRIEF in Support filed by All Plaintiffs re 31 MOTION for Summary Judgment . (Kaardal, Erick) |
| 08/29/2024 | 31 | MOTION for Summary Judgment by All Plaintiffs. (Kaardal, Erick) |

| 08/14/2024 | 30 | NOTICE of Hearing: Rule 16 Telephone Scheduling Conference set for 9/18/2024 at 09:00 AM by Telephone before Judge William C Griesbach. Rule 26 Discovery Plan due by 9/11/2024. The parties shall call the court Zoom conference line at **669–254–5252**, use **Meeting ID: 161 5758 9308**, press # to bypass Participant ID,and enter **Passcode: 519855** to join the call. To ensure a clear record of the hearing, participants should not use a speaker phone. Participants shall call in prior to the time that the hearing is scheduled to begin so that there is no disruption to the court proceeding. If you have any questions, please contact the Clerks Office at 920–884–3720. (cc: all counsel) (jmk) |
|---|---|---|
| 07/01/2024 | 29 | TEXT ONLY ORDER directing that, based on the Stipulation of the parties, Dkt. No. 28 , Plaintiff's Motion for Summary Judgment, 24 , is considered WITHDRAWN, signed by Judge William C Griesbach on 07/01/2024. Plaintiff may renew its motion or file a new motion when able to do so. The briefing schedule will follow Civil L.R. 56. (cc: all counsel)(Griesbach, William) |
| 06/28/2024 | 28 | STIPULATION *Regarding Plaintiffs' Summary Judgment Motion* by All Defendants. (Kawski, Clayton) |
| 06/10/2024 | 27 | TEXT ONLY ORDER APPROVING 23 Stipulation to dismiss counts III and IV of 15 Amended Complaint without prejudice, signed by Judge William C Griesbach on 06/10/2024. 21 Motion to Dismiss Counts III and IV is terminated as moot. (cc: all counsel)(Griesbach, William) |
| 06/05/2024 | 26 | DECLARATION of Ron Heuer *in Support of Motion for Summary Judgment* (Attachments: # 1 Ex 1 – Amended Complaint with Exhibits, # 2 Ex 2 – Order, # 3 Ex 3 – Letters)(Kaardal, Erick) |
| 06/05/2024 | 25 | BRIEF in Support filed by All Plaintiffs re 24 MOTION for Summary Judgment . (Kaardal, Erick) |
| 06/05/2024 | 24 | WITHDRAWN (See Text Only Order 29) MOTION for Summary Judgment by All Plaintiffs. (Kaardal, Erick) Modified docket text on 7/25/2024 (jmk). |
| 05/29/2024 | 23 | STIPULATION *TO DISMISS WITHOUT PREJUDICE COUNTS III AND IV OF THE PLAINTIFFS AMENDED COMPLAINT* by All Plaintiffs. (Kaardal, Erick) |
| 05/20/2024 | 22 | Minute Entry for proceedings held before Judge William C Griesbach: Telephone Status Conference held on 5/20/2024. The court does not set any scheduling deadlines/hearings at this time. Plaintiff's counsel will file a motion for summary judgment in short order. (Tape #Zoom 052024) (mac) (Entered: 05/21/2024) |
| 05/14/2024 |  | NOTICE of Hearing: Telephone Status Conference set for 5/20/2024 at 09:00 AM by Telephone before Judge William C Griesbach. The parties shall call the court Zoom conference line at **669–254–5252**, use **Meeting ID: 161 5758 9308**, press # to bypass Participant ID,and enter **Passcode: 519855** to join the call. To ensure a clear record of the hearing, participants should not use a speaker phone. Participants shall call in prior to the time that the hearing is scheduled to begin so that there is no disruption to the court proceeding. If you have any questions, please contact the Clerks Office at 920–884–3720. (cc: all counsel) (jmk) |
| 05/10/2024 | 21 | MOTION to Dismiss *Counts III and IV of Amended Complaint* by All Defendants. (Kawski, Clayton) |
| 05/10/2024 | 20 | BRIEF in Support filed by All Defendants re 21 MOTION to Dismiss *Counts III and IV of the Amended Complaint* . (Kawski, Clayton) Modified on 5/13/2024 (jmk). |

| 05/10/2024 | 19 | DISREGARD, Filed in error. ~~MOTION to Dismiss *Counts III and IV of the Amended Complaint* by All Defendants. (Kawski, Clayton)~~ Modified on 5/10/2024 (bx). |
|---|---|---|
| 05/10/2024 | 18 | ANSWER to 15 Amended Complaint, by All Defendants.(Kawski, Clayton) |
| 04/23/2024 | 17 | TEXT ONLY ORDER GRANTING 16 Defendants' Unopposed Motion for Extension of Time to 5/10/2024 to Answer or Otherwise Respond to Plaintiffs' Amended Complaint, signed by Judge William C Griesbach on 04/23/2024. (cc: all counsel)(Griesbach, William) |
| 04/19/2024 | 16 | Unopposed MOTION for Extension of Time *to Respond to Amended Complaint* by All Defendants. (Kawski, Clayton) Modified docket text on 4/19/2024 (jmk). |
| 04/12/2024 | 15 | AMENDED COMPLAINT with Jury Demand against All Defendants filed by Kenneth Brown, Ron Heuer, Wisconsin Voter Alliance. (Attachments: # 1 Ex A – WEC Complaint 9/8/22, # 2 Ex B – WEC Dismissal 10/19/22, # 3 Ex C – WEC Complaint 10/2/23, # 4 Ex D – WEC Dismissal 10/4/23, # 5 Ex E – WEC Complaint 12/28/23, # 6 Ex F – Email 3/1/24)(Kaardal, Erick) |
| 03/13/2024 | 14 | DECISION AND ORDER signed by Judge William C Griesbach on 3/13/2024 GRANTING 7 Motion to Dismiss. The dismissal is without prejudice, however, and Plaintiffs will be allowed thirty days from the date of this order to file an amended complaint. In the event they fail to do so, the action will be dismissed and final judgment entered. (cc: all counsel)(Griesbach, William) |
| 12/22/2023 | | NOTICE of Electronic Filing Error re 13 Reply Brief in Support of Motion filed by Don M Millis, Marge Bostelmann, Ann S Jacobs, Megan Wolfe, Mark L Thomsen, Robert F Spindell, Jr. This document contains documents that should have been filed as an attachment. Furthermore, all attachments to documents should include a brief description of the attachment – Ex A–Initial Contract, Ex B–Doe Deposition, Ex C–2006 Sales Figures, etc. This document does not need to be re–filed; Please refer to the policies and procedures for electronic case filing and the user manual found at www.wied.uscourts.gov (jmk) |
| 12/21/2023 | 13 | REPLY BRIEF in Support filed by All Defendants re 7 MOTION to Dismiss . (Kawski, Clayton) |
| 12/11/2023 | 12 | DECLARATION of Erick G. Kaardal (Attachments: # 1 Ex 1 – WEC Letter dated 5/2/21, # 2 Ex 2 – DeWitt Letter dated 4/30/21, # 3 Ex 3 – Wisconsin Circuit Court Fees)(Kaardal, Erick) |
| 12/11/2023 | 11 | BRIEF in Opposition filed by Kenneth Brown, Ron Heuer, Wisconsin Voter Alliance re 7 MOTION to Dismiss . (Kaardal, Erick) |
| 11/21/2023 | 10 | Magistrate Judge Jurisdiction Form filed by Kenneth Brown, Ron Heuer, Wisconsin Voter Alliance. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Kaardal, Erick) |
| 11/20/2023 | 9 | Magistrate Judge Jurisdiction Form filed by All Defendants. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Kawski, Clayton) |
| 11/20/2023 | 8 | BRIEF in Support filed by All Defendants re 7 MOTION to Dismiss . (Kawski, Clayton) |
| 11/20/2023 | 7 | MOTION to Dismiss by All Defendants. (Kawski, Clayton) |
| 11/07/2023 | 6 | |

| | | |
|---|---|---|
| | | NOTICE of Appearance by Jody J Schmelzer on behalf of All Defendants. Attorney(s) appearing: Jody J. Schmelzer (Schmelzer, Jody) |
| 11/07/2023 | 5 | NOTICE of Appearance by Steven C Kilpatrick on behalf of All Defendants. Attorney(s) appearing: Steve C. Kilpatrick (Kilpatrick, Steven) |
| 11/07/2023 | 4 | NOTICE of Appearance by Clayton P Kawski on behalf of All Defendants. Attorney(s) appearing: Clay P. Kawski (Kawski, Clayton) |
| 11/07/2023 | 3 | SUMMONS Returned Executed by Kenneth Brown, Ron Heuer, Wisconsin Voter Alliance. Marge Bostelmann served on 10/30/2023; Ann S Jacobs served on 10/30/2023; Don M Millis served on 10/30/2023; Robert F Spindell, Jr served on 10/30/2023; Mark L Thomsen served on 10/30/2023; Megan Wolfe served on 10/30/2023. (Kaardal, Erick) |
| 10/26/2023 | | Summons Issued as to Marge Bostelmann, Ann S Jacobs, Don M Millis, Robert F Spindell, Jr, Mark L Thomsen, and Megan Wolfe. (jmk) |
| 10/26/2023 | | Case Opening Modification: The following modifications have been made to your case entry: One or more party names have been modified – please remember to follow the Party Name Guidelines found on our website. Please refer to the attorney case opening instructions, the summons instructions and the party name guidelines found in the user manual for further guidance (jmk) |
| 10/25/2023 | 2 | DISCLOSURE Statement by Wisconsin Voter Alliance. (Kaardal, Erick) |
| 10/25/2023 | | NOTICE Regarding assignment of this matter to Judge William C Griesbach; Consent/refusal forms for Magistrate Judge Dries to be filed within 21 days; the consent/refusal form is available here. Pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed. (jcl) |
| 10/25/2023 | 1 | COMPLAINT *FOR DECLARATORY AND INJUNCTIVE RELIEF* with Jury Demand; against Marge Bostelmann, Ann S. Jacobs, Don M. Millis, Robert F. Spindell, Jr, Mark L. Thomsen, Megan Wolfe by Kenneth Brown, Ron Heuer, Wisconsin Voter Alliance. ( Filing Fee PAID $402 receipt number AWIEDC–4526017) (Attachments: # 1 Ex A – 2022 WEC Complaint, # 2 Ex B – 2022 WEC "Return" Letter, # 3 Ex C – 2023 WEC Complaint, # 4 Ex D – 2023 WEC "Return" Letter, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Civil Cover Sheet)(Kaardal, Erick) |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

WISCONSIN VOTER ALLIANCE, RON
HEUER, and KENNETH BROWN,

Case No. 1:23-cv-01416-WCG

Plaintiffs,

v.

DON M. MILLIS, in his official capacity as
a member of the Wisconsin Elections
Commission, or his successor, ROBERT F.
SPINDELL, JR. in his official capacity as a
member of the Wisconsin Elections
Commission, or his successor, MARGE
BOSTELMANN, in her official capacity as
a member of the Wisconsin Elections
Commission, or her successor, ANN S.
JACOBS, in her official capacity as a
member of the Wisconsin Elections
Commission, or her successor, MARK L.
THOMSEN, in his official capacity as a
member of the Wisconsin Elections
Commission, or his successor, MEGAN
WOLFE, in her official capacity as
Administrator of the Wisconsin Elections
Commission, or her successor,

Defendants.

## NOTICE OF APPEAL

Notice is hereby given that Plaintiffs Wisconsin Voter Alliance, Ron Heuer, and

Kenneth Brown appeal to the United States Court of Appeals for the Seventh Circuit from

the Judgment entered on January 31, 2025 (Dckt. No. 44) based upon the Decision and

Order denying Plaintiffs' motion for summary judgment dated January 31, 2025 (Dckt. No.

43). The Decision and Order adjudicated all claims asserted under 42 U.S.C. § 1983 (for lack of standing).

Dated: February 19, 2025

*Electronically Signed by Erick G. Kaardal*
Erick G. Kaardal, No. 1035141
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
Telephone: 612-341-1074
Email: kaardal@mklaw.com
*Attorneys for Plaintiffs-Appellants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WISCONSIN VOTER ALLIANCE, et al.,

        Plaintiffs,

        v.                             Case No. 23-C-1416

DON M. MILLIS, et al.,

        Defendants.

## DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

On October 25, 2023, Plaintiffs Wisconsin Voter Alliance (WVA), Ron Heuer, and Kenneth Brown brought this action under 42 U.S.C. § 1983 against the members of the Wisconsin Elections Commission (WEC), alleging violations of the Help America Vote Act of 2002 (HAVA), 52 U.S.C. § 20901, *et seq.*, and seeking declaratory and injunctive relief. On March 13, 2024, the court granted Defendants' motion to dismiss, finding Plaintiffs failed to allege sufficient facts to show standing. But because there is a strong public interest in election integrity, the court allowed Plaintiffs to file an amended complaint. On April 12, 2024, Plaintiffs filed an amended complaint.

The matter is now before the court on Plaintiffs' motion for summary judgment. Defendants oppose and ask the court to instead grant summary judgment in their favor under Federal Rule of Civil Procedure 56(f)(1). Plaintiffs did not reply and the time to do so has passed. So, Plaintiffs' motion is ripe for the court's adjudication. While the parties devote most of their briefing to merits issues, this case ends where the court must begin—jurisdiction. For the following reasons, Plaintiffs' motion will be denied, and the case will be dismissed.

# BACKGROUND

A. **Statutory Scheme**

HAVA was enacted in 2002 to "establish the Election Assistance Commission to assist in the administration of Federal elections and to otherwise provide assistance with the administration of certain Federal election laws and programs, to establish minimum election administration standards for States and units of local government with responsibility for the administration of federal elections," and for other purposes. Pub. L. No. 107-252, 116 Stat. 1666 (2002). HAVA provides two enforcement mechanisms. *See* 52 U.S.C. §§ 21111–12. First, the "Attorney General may bring a civil action against any State or jurisdiction in an appropriate United States District Court" for declaratory and injunctive relief "as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements" under various HAVA provisions. § 21111. Second, "any person who believes that there is a violation of" HAVA's uniform and nondiscriminatory election technology and administration requirements subchapter "may file a complaint" under the "State-based administrative complaint procedures." § 21112(a).

States that receive payment pursuant to a HAVA program must establish and maintain State-based administrative complaint procedures. § 21112(a)(1). HAVA's requirements for such complaint procedures include:

(A) The procedures shall be uniform and nondiscriminatory.

(B) Under the procedures, any person who believes that there is a violation of any provision of subchapter III (including a violation which has occurred, is occurring, or is about to occur) may file a complaint.

(C) Any complaint filed under the procedures shall be in writing and notarized, and signed and sworn by the person filing the complaint.

(D) The State may consolidate complaints filed under subparagraph (B).

(E) At the request of the complainant, there shall be a hearing on the record.

2

(F) If, under the procedures, the State determines that there is a violation of any provision of subchapter III, the State shall provide the appropriate remedy.

(G) If, under the procedures, the State determines that there is no violation, the State shall dismiss the complaint and publish the results of the procedures.

(H) The State shall make a final determination with respect to a complaint prior to the expiration of the 90-day period which begins on the date the complaint is filed, unless the complainant consents to a longer period for making such a determination.

(I) If the State fails to meet the deadline applicable under subparagraph (H), the complaint shall be resolved within 60 days under alternative dispute resolution procedures established for purposes of this section. The record and other materials from any proceedings conducted under the complaint procedures established under this section shall be made available for use under the alternative dispute resolution procedures.

§ 21112(a)(2)(A)–(I).

Wisconsin's HAVA administrative complaint procedure is set forth in Wis. Stat. § 5.061, entitled "Compliance with federal Help America Vote Act." That section provides:

(1) Whenever any person believes that a violation of Title III of [HAVA] has occurred, is occurring, or is proposed to occur with respect to an election for national office in this state, that person may file a written, verified complaint with the [WEC].

(2) If the [WEC] receives more than one complaint under sub. (1) relating to the same subject matter, the [WEC] may consolidate the complaints for purposes of this action.

(3) A complainant under sub. (1) or any of the complainants in a consolidated complaint under sub. (2) may request a hearing and the matter shall then be treated as a contested case under ch. 227, except that the [WEC] shall make a final determination with respect to the merits of the complaint and issue a decision within 89 days of the time that the complaint or the earliest of any complaints was filed, unless the complainant, or each of any complainants whose complaints are consolidated, consents to a specified longer period.

(4) If the [WEC] finds the complaint to be without merit, it shall issue a decision dismissing the complaint. If the [WEC] finds that the violation alleged in the complaint has occurred, is occurring, or is proposed to occur, the [WEC] shall order appropriate relief, except that the [WEC] shall not issue any order under

> this subsection affecting the right of any person to hold an elective office or affecting the canvass of an election on or after the date of that election.

Wis. Stat. § 5.061.

## B.  Factual Background

The material facts in this case are not copious, nor are they in dispute. The WVA is an issue-advocacy organization. Defs.' Resp. to Pls.' Statement of Material Facts (SOF) ¶ 2, Dkt. No. 41. Ron Heuer is the president of the WVA, and Kenneth Brown is one of its members. *Id.* ¶¶ 17, 24. The WVA's core activities include "working and serving in ways that protect the rights of the organization, where applicable, and its members, and those associated with the WVA, whenever laws, statutes, rules, regulations, or government actions (at whatever level, federal, state, county, city or actions of their respective officials) threaten or impede implied or expressed rights or privileges afforded to them under the federal or state constitutions, laws, or regulations." *Id.* ¶ 2. More specifically, the WVA and its members file "administrative complaints with or against the [WEC] for alleged [HAVA] violations." *Id.* ¶ 6; *see also id.* ¶¶ 7–10.

This case centers on two HAVA complaints that Plaintiffs filed. On September 8, 2022, the WVA and Heuer filed an administrative complaint under Wis. Stat. § 5.061 against the WEC, alleging that the WEC violated HAVA's requirements to maintain its statewide voter registration database through the state's participation in the Electronic Registration Information Center (ERIC) and requesting an evidentiary hearing on the matter. *Id.* ¶¶ 27–29; *see also* 2022 WEC Complaint, Dkt. No. 1-1. On October 19, 2022, the WEC sent the WVA a letter explaining that the verified complaint was "being returned without consideration or dismissal" by the WEC because a complaint brought against the WEC itself warranted "ethical recusal" by the WEC. Defs.' Resp. to Pls.' SOF ¶ 30; *see also* WEC Return Letter, Dkt. No. 1-2.

Case 1:23-cv-01416-WCG   Filed 02/20/25   Page 13 of 26   Document 47

On October 2, 2023, Plaintiffs collectively filed another complaint under Wis. Stat. § 5.061 against the WEC, alleging that the WEC violated HAVA by issuing unlawful guidance that allows overseas absentee votes to be received through the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301, *et seq.*, without HAVA-required voter identity and eligibility verification and requesting an evidentiary hearing on the matter. Defs.' Resp. to Pls.' SOF ¶ 34; *see also* 2023 WEC Complaint, Dkt. No. 1-3. On October 4, 2023, the WEC sent Plaintiffs a letter functionally identical to that the WEC sent Plaintiffs on October 19, 2022. Defs.' Resp. to Pls.' SOF ¶ 36. The letter explained that the verified complaint was "being returned without consideration or dismissal" by the WEC because a complaint brought against the WEC itself warranted "ethical recusal" by the WEC. *Id.* ¶¶ 36–37; *see also* WEC Return Letter, Dkt. No. 1-4.

Plaintiffs generally contend that they are entitled to declaratory and injunctive relief because the WEC's 2022 and 2023 "non-decision" response letters violated their federally protected rights. Defendants counter that they are entitled to summary judgment because, undisputed facts aside, neither HAVA nor § 1983 provide a private cause of action on which Plaintiffs can assert their claims in federal court. The court will not reach the cause of action question as this case is resolved at the antecedent question of standing.

**ANALYSIS**

Summary judgment is appropriate when the movant shows there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The court may grant summary judgment to the nonmovant under Federal Rule of Civil Procedure 56(f). *Haley v. Kolbe & Kolbe Millwork Co.*, 863 F.3d 600, 613 (7th Cir. 2017) (citing other sources).

5

As this court has already said, federal courts do not have jurisdiction to decide every legal question that may arise. Instead, Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies" brought by litigants who demonstrate standing. U.S. Const. art. III, § 2, cl. 1. The doctrine of standing is not an esoteric doctrine that courts use to avoid difficult decisions; it "serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (alterations omitted) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884))). It is because of "this overriding and time-honored concern about keeping the Judiciary's power within its proper constitutional sphere" that the court "must put aside the natural urge to proceed directly to the merits of an important dispute and to settle it for the sake of convenience and efficiency." *Hollingsworth v. Perry*, 570 U.S. 693, 704–05 (2013) (alterations and internal quotation marks omitted) (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997)). So, "[t]he court is bound to ask and answer for itself" the standing question, "even when not otherwise suggested, and without respect to the relation of the parties to it." *Steel Co.*, 523 U.S. at 94 (quoting *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)).

"The familiar 'triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement.'" *Gracia v. SigmaTron Int'l Inc.*, 986 F.3d 1058, 1064 (7th Cir. 2021) (quoting *Steel Co.*, 523 U.S. at 103–04). "The party invoking federal jurisdiction bears the burden of establishing these elements" and must prove them "in the same way as any other matter on which [the party] bears the burden of proof." *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 561 (1992). Injury in fact is at issue here. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560). Plaintiffs have shown their claimed injury is particularized and actual—each was privy to a WEC proceeding that resulted in the WEC issuing a "no decision" response letter. But Plaintiffs have not shown that their claimed injury is concrete.

"A concrete injury is a *real* injury—that is, one that actually exists, though intangible harms as well as tangible harms may qualify." *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020) (citation omitted). Where a purported harm is intangible, "both history and the judgment of Congress play important roles." *Spokeo*, 578 U.S. at 340. As to the former, "it is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* (citing another source). As to the latter, "Congress may 'elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* at 341 (alterations omitted) (quoting *Lujan*, 504 U.S. at 578). But the Court went on to caution that

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [a plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

*Id.*; *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("Unlike redressability, however, the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute."). More specifically and as relevant here, "[a] citizen may not sue based only

7

on an 'asserted right to have the Government act in accordance with law.'" *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024) (quoting *Allen v. Wright*, 468 U.S. 737, 754 (1984)). And yet, that is the thrust of Plaintiffs' argument.

As to Heuer and Brown, Plaintiffs argue that the two have not had their HAVA complaints against the WEC adjudicated and intend to file HAVA complaints in the future; therefore, they have suffered a harm that is "real" and "immediate." Pls.' Br. in Supp. at 38, Dkt. No. 32 (citing Pls.' SOF ¶ 25, Dkt. No. 35 ("[Brown] had expectations, as understood under the law, rules, or regulations, that the Commission would render an adjudication—a decision. It was [Brown]'s understanding the Commission had to make a decision, but he did not get a decision, which concerns him because he will file HAVA complaints in the future.")); *see also* Defs.' Resp. to Pls.' SOF ¶ 22. In essence, Heuer and Brown argue they were harmed because the WEC has not followed 52 U.S.C. § 21112(a). That is not enough.

Plaintiffs also contend that the WVA has organizational standing. Organizations can establish standing "to sue on their own behalf for injuries they have sustained." *All. for Hippocratic Med.*, 602 U.S. at 393 (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 n.19 (1982)). To do so, an organization "must satisfy the usual standards for injury in fact, causation, and redressability." *Id.* at 394. But as with an individual, "an organization may not establish standing simply based on the 'intensity of the litigant's interest' or because of strong opposition to the government's conduct, 'no matter how longstanding the interest and no matter how qualified the organization.'" *Id.* (internal citation omitted) (first quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 486 (1982); and then quoting *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972)).

Plaintiffs have not shown that the WVA has suffered an injury in fact. In an attempt to do so, they reassert that the WVA has been harmed by the WEC's failure to adjudicate its HAVA complaints. Plaintiffs further argue that "the WEC's actions have directly affected and interfered with the WVA's core political activities" because the WVA has been forced to divert resources from other initiatives to litigating in federal court. Pls.' Br. in Supp. at 36; Defs.' Resp. to Pls.' SOF ¶ 12. But the Supreme Court has shut the door on that argument:

> [A]n organization that has not suffered a concrete injury caused by a defendant's action cannot spend its way into standing simply by expending money to gather information and advocate against the defendant's action. An organization cannot manufacture its own standing in that way. . . . Indeed, that theory would mean that all the organizations in America would have standing to challenge almost every federal policy that they dislike, provided they spend a single dollar opposing those policies.

*All. for Hippocratic Med.*, 602 U.S. at 394–95. Thus, the WVA comes up short like Heuer and Brown; it does not have organizational standing.

One final point. There may be concern that if Heuer, Brown, and the WVA do not have standing, then who does? The Court also answered this question in *Alliance for Hippocratic Medicine*. There, the Court observed that it "has long rejected that kind of 'if not us, who?' argument as a basis for standing." 602 U.S. at 396 (citing other sources). For "[t]he Framers of the Constitution did not 'set up something in the nature of an Athenian democracy or a New England town meeting to oversee the conduct of the . . . Government by means of lawsuits in federal courts.'" *Id.* (quoting *United States v. Richardson*, 418 U.S. 166, 179 (1974)). Thus, it may be that some issues are necessarily "left to the political and democratic processes." *Id.* In this case, Defendants note that HAVA contains a remedy for allegedly deficient administrative complaint procedures—a federal audit. Plaintiffs may wish to consider pursuing that remedy for the relief they seek.

9

In sum, Plaintiffs have not shown that Heuer, Brown, or the WVA have suffered an injury in fact. Accordingly, they do not have standing to proceed in federal court, so the court must deny their motion for summary judgment and dismiss this action.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for summary judgment (Dkt. No. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is dismissed for lack of standing. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 31st day of January, 2025.

_William C. Griesbach_
William C. Griesbach
United States District Judge

# United States District Court

EASTERN DISTRICT OF WISCONSIN

WISCONSIN VOTER ALLIANCE, et al.,

        Plaintiffs,

**JUDGMENT IN A CIVIL CASE**

    v.        Case No. 23-C-1416

DON M. MILLIS, et al.,

        Defendants.

---

☐   **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict

☒   **Decision by Court.** This action came before the Court for consideration.

    **IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiffs take nothing and this case is dismissed.

        Approved:  s/ William C. Griesbach
                          WILLIAM C. GRIESBACH
                          United States District Judge

Dated: January 31, 2025

                          GINA M. COLLETTI
                          Clerk of Court

                          s/ Mary Fisher
                          (By) Deputy Clerk